IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MELISSA CUNNINGHAM                                                                            PLAINTIFF

      v.                                    CIVIL NO. 2:19-cv-02089-MEF

ANDREW M. SAUL[1], Acting Commissioner
Social Security Administration                                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). (ECF Nos. 21, 22). The parties have consented to the jurisdiction of a Magistrate Judge to conduct all proceedings in this case and, pursuant to said authority, the Court issues this Order. (ECF No. 4).

On July 20, 2020, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $5,947.35 representing 29.55 attorney hour in 2019 and 2020 at $192.00 per hour and 3.65 paralegal hours at $75.00 per hour. (ECF Nos. 21-1, 21-2). On July 20, 2020, the Defendant filed a response voicing no objections. (ECF No. 23).

It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case, as she is the prevailing party, the government's decision to deny benefits was not "substantially justified," the hourly rate requested for both attorney and paralegal hours does not exceed the CPI for either year in question, and the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and he is substituted as Defendant in this action pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

of benefits); *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour); and, *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved). Accordingly, Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $5,947.35.

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff. As a matter of practice, however, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

**IV.     Conclusion:**

Based upon the foregoing, Plaintiff is awarded the sum of **$5,947.35** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 27th day of July 2020.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE